David R. JOHNSON, Plaintiff–
Appellant,

v.

ILLINOIS COURT OF CLAIMS,
et al., Defendants–Appellees.

No. 15–2186.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2016.*

Decided Feb. 3, 2016.

David R. Johnson, Chicago, IL, pro se.

Before DANIEL A. MANION, Circuit
Judge, ILANA DIAMOND ROVNER,
Circuit Judge, DAVID F. HAMILTON,
Circuit Judge.

### ORDER

David Johnson appeals the dismissal of
his civil rights action brought against the
Illinois Court of Claims, its judges, and its
clerks, alleging that the tribunal violated
his right to due process when it denied his
motion for a default judgment in a suit
before it. We affirm.

Johnson filed suit in the Illinois Court of
Claims, seeking millions of dollars in dam-
ages related to an allegedly wrongful traf-
fic stop. He contended that he was enti-
tled to a default judgment under Illinois
law because the defendants did not timely
file an answer. But the tribunal denied
his motion for a default judgment and
permitted the defendants to file a late
motion to dismiss.

Johnson then filed this suit under 42
U.S.C. § 1983 in the federal district court
alleging that the Court of Claims violated
his right to due process by denying his
motion for default judgment and "tamper-
ing" with the docket to permit late filing.
A week later, he petitioned for a tempo-
rary restraining order to enjoin the Court
of Claims essentially to reverse its decision
to permit the late filing and enter judg-
ment in his favor.

The district court denied Johnson's mo-
tion for a temporary restraining order be-
cause he had not shown either that he
would suffer immediate irreparable harm
if relief was not granted or that he was
likely to prevail on the merits of the un-
derlying action. The court acknowledged
that § 1983 authorizes federal courts to
issue an injunction against state-court pro-
ceedings, but it concluded that principles
of federalism counseled against its inter-
vention in an ongoing state court proceed-
ing absent a showing that the tribunal
acted in bad faith.

The district court ordered Johnson to
show cause why his case should not be
dismissed given that injunctive relief
would not be permitted without a showing
of bad faith and that his "tampering" alle-
gations against the Court of Claims did not
state a plausible claim. Johnson respond-
ed by reiterating his accusations that the
Court of Claims acted in bad faith when it
extended the defendants' filing deadline
and tampered with its docket to permit the
filing. But the court concluded that nei-

---

* After examining the briefs and record, we
  have concluded that oral argument is unnec-
  essary. Thus the appeal is submitted on the
  briefs and record. *See* FED. R.APP. P.
  34(a)(2)(C).

ther example alleged a plausible instance of bad faith, so it dismissed the case.

On appeal Johnson generally challenges the district court's conclusion that he had not alleged bad faith sufficient to justify federal intrusion into a state-court proceeding. The district court, however, properly invoked the principles of equity, comity, and federalism that restrain federal courts in a § 1983 action from intruding on state-court proceedings. *Felder v. Casey,* 487 U.S. 131, 138, 147, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *O'Keefe v. Chisholm,* 769 F.3d 936, 937, 940 (7th Cir.2014). Johnson's proposed injunction would dictate to a state tribunal how it must manage its procedural rules, but states may prescribe rules of procedure governing litigation in their own tribunals, and the federal courts will defer to such prescription. *Felder,* 487 U.S. at 138, 147, 108 S.Ct. 2302; *Christensen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 465 (7th Cir.2007); *see, e.g., SKS & Assocs. v. Dart,* 619 F.3d 674, 676, 682 (7th Cir.2010) (abstention doctrine required federal court to deny claim for equitable relief from enjoining state court to speed up adjudication of pending actions).

To the extent that the abstention doctrine does not prevent federal courts from enjoining state proceedings that involve bad faith, a plaintiff must show that he has no adequate remedy at law in the state proceedings. *See, e.g., Mulholland v. Marion Cnty. Election Bd.,* 746 F.3d 811, 818 (7th Cir.2014); *SKS,* 619 F.3d at 676, 679, 680; *Collins v. Kendall Cnty., Ill.,* 807 F.2d 95, 98 (7th Cir.1986). Johnson has an adequate remedy at law: he may pursue a timely appeal in the state proceedings.

We have considered Johnson's remaining arguments, and none has merit.

AFFIRMED.